[Civ. No. 10692. Fourth Dist., Div. One. Mar. 30, 1972.]

SEABOARD MUSIC CO., INC., Plaintiff and Respondent, v.
ROBERT GERMANO et al., Defendants and Appellants.

620

**COUNSEL**

Howard G. Sonksen, Mack, Nast & Boss and Thomas Nast for Defendants and Appellants.

Coulter, Vernoff & Brewer and George P. Coulter for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—After a court-tried case in which they were alleged to have knowingly and wrongfully induced the breach of a contract, defendants Germano and Connors appeal from a judgment awarding plaintiff Seaboard Music Co., Inc. damages against them in the amount of $6,222. On appeal they do not question the finding of liability, but contend only that the trial court used an improper measure to determine damages and that the amount awarded was excessive.

## FACTS

In 1965 plaintiff Seaboard Music Co., Inc., was in the business of leasing coin-operated juke boxes and amusement equipment to business establishments on either a fixed-rental or a division-of-proceeds basis. Defendant William Ohmer, who has not appealed, owned and operated a beer bar known as the "Gaiety" located in Huntington Beach, California. On August 3 of that year, Ohmer and plaintiff entered into a written equipment lease under which Ohmer agreed to lease and maintain plaintiff's coin-operated equipment in his tavern for a period of 36 months. The lease provided for distribution of the gross income from the equipment 40 percent to the lessor and 60 percent to the lessee. As a further consideration plaintiff paid Ohmer the sum of $2,200 in advance commissions. If Ohmer sold the business he agreed to make assumption of the lease by the purchaser a part of any sales agreement and escrow. Pursuant to the lease, plaintiff installed a coin-operated juke box and pool table in the "Gaiety."

In 1966 Ohmer wanted to sell the tavern. He enlisted the services of appellants Germano and Connors, who were business opportunity salesmen working for Orange County Business Sales. With full knowledge of the lease, appellants arranged the sale of the tavern to a purchaser who did not assume the lease. They advised both seller and purchaser the lease was invalid. After the close of escrow, the new owner of the tavern removed plaintiff's juke box and pool table and placed them in storage.

Plaintiff filed this action against Ohmer and appellants to recover damages for loss of profits as well as unrepaid commissions advanced under the lease, attorney's fees and costs. In his answer, Ohmer affirmatively alleged the lease created an illegal monopoly and was void. Germano and Connors simply denied the allegations of the complaint. At trial plaintiff's president, Sam Holland, testified plaintiff's share of the profits from the machines placed in the "Gaiety" averaged $55.10 per week during the period they had been in operation under the lease. The expense of operating and servicing the equipment came to $4.10 per week, leaving a net profit of $51.00 per week. He produced the company's books and records to demonstrate these figures.

The court found Ohmer's repudiation and breach of the agreement was wrongful and was knowingly and wrongfully induced by appellants Germano and Connors. Plaintiff was awarded judgment for damages at the rate of $51 per week for the 122 weeks remaining on the lease, or a total of $6,222, which was assessed against Ohmer, Germano and Connors, jointly and severally. In addition, judgment was entered against Ohmer alone for $1,255 for money loaned, $1,000 attorney's fees and costs.

■ The initial disagreement of the parties as to whether Civil Code section 3300 (measure of damages for breach of an obligation arising out of contract) or Civil Code section 3333 (measure of damages for breach of an obligation not arising out of contract) applies involves a distinction without a difference. Both sections provide the injured party shall be compensated for all detriment proximately caused by breach of an obligation, whether it arises out of contract or not. Since appellants concede the parties could have reasonably anticipated loss of profits as a result of their action, that loss becomes the proper measure of damages under either section and accounts for the fact the trial court awarded the same amount of damages ($6,222), as to this aspect of the case, against Ohmer who breached the lease and against appellants who tortiously induced the breach.

■ Appellants also contend the damages awarded include expenses which plaintiff did not incur by reason of nonperformance under the lease and thus violated Civil Code section 3358, which provides no party shall recover more in damages than full performance of the obligation would have given him.

The trial court computed damages by subtracting from plaintiff's average weekly profit from the machines ($55.10) the weekly cost to plaintiff of servicing the machines ($4.10), and by multiplying the remainder ($51) by the number of weeks remaining on the lease (122). Appellants argue the $4.10 figure, representing the cost of servicing the machines, did not include any factor for the reduction in plaintiff's overhead and that it may be inferred overhead was reduced because plaintiff was not required to perform under the lease for the remaining period. Whether plaintiff's overhead was reduced in any manner because it was not required to perform under the lease does not appear, and we do not believe it proper to arrive at a positive conclusion by inference. If plaintiff's computation of net profit from the lease was inaccurate, or improperly arrived at, it was appellants' duty to attack it in the trial court. We are at a loss to understand how either the trial court or this court could subtract an inference from $51 a week.

■ The main issue presented by the appeal is appellants' claim the trial court should have required plaintiff to mitigate damages by re-leasing the coin-operated equipment it received back from Ohmer as a result of the breach.

■ Ordinarily a person injured by the breach of an obligation has the duty to minimize damages and avoid or reduce the loss suffered by the offender. (*Johnson* v. *Comptoir etc. D'Exportation,* 135 Cal.App.2d 683, 689 [288 P.2d 151].) Generally the rule is applicable to contracts for the use of some specific equipment or instrumentality, but it does not apply

" '. . . to contracts not requiring all or a great portion of the time of plaintiff, or which do not preclude plaintiff from undertaking and being engaged in the performance contemporaneously of other contracts , . . .' " (*Gollaher* v. *Midwood Constr. Co.,* 194 Cal.App.2d 640, 651 [15 Cal. Rptr. 292].)

We are not concerned here with the owner of a single house or a single piece of equipment who enters into a lease. Such an owner can recoup or reduce the loss he sustains from a breach by re-leasing the property. The evidence here shows plaintiff was engaged in the business of leasing coin-operated equipment; it had a warehouse full of equipment similar to that leased to Ohmer from which it serviced its customers and from which it could service any additional leases negotiated, irrespective of whether Ohmer fulfilled or breached his obligation. What appellants argue is that plaintiff was obligated to re-lease the equipment repossessed from Ohmer to reduce the liability incurred by reason of the breach in preference to using its own equipment, or additional equipment it might purchase, to carry on its normal business. In effect, they assert plaintiff should mitigate its damages and reduce their liability by foregoing profit which it would otherwise make in the normal course of its business.

The rule of mitigation of damages has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights. (25 C.J.S., Damages, § 34, p. 709; 22 Am.Jur.2d, Damages, § 33, p. 56; *Wired Music, Inc.* v. *Clark,* 26 Ill.App. 2d 413, 417 [168 N.E.2d 736, 739].) It may not be imposed to deprive a plaintiff of the benefit of subsequent contracts which would have been available to him irrespective of the original breach. (*Gollaher* v. *Midwood Constr. Co., supra,* 194 Cal.App.2d 640, 651.) The trial court's ruling plaintiff was not required to mitigate damages because it had the opportunity to re-lease the repossessed equipment was correct. Other contentions raised by appellants are without merit.

The judgment is modified to provide the sum awarded in damages shall bear interest from the date of the judgment. As so modified the judgment is affirmed.

Whelan, Acting P. J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied April 17, 1972, and the judgment was modified to read as printed above.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.